IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS ELLIOT JOHNSON (M-08698), | ) ) | |
| Plaintiff, | ) | Case No. 18-cv-8090 |
| v. | ) ) | Judge Franklin U. Valderrama |
| QYJON CLARK, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Qyjon Clark ("Defendant"), by and through his attorney, Kwame Raoul, Illinois Attorney General, hereby respectfully submits his reply in support of his motion for summary judgment and state as follows:

As a threshold matter, Defendant asks this Court to disregard Plaintiff's reliance on his pleadings as evidence in an attempt to survive summary judgment. "To survive a defendant's motion for summary judgment, the plaintiff may not simply rest on its pleadings; the plaintiff must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995). Furthermore, Plaintiff has failed to produce evidence that creates a genuine dispute as to any material fact as to his claims and as such Defendant's motion for summary judgment should be granted.

**A.  Defendant does not have the requisite state of mind to be liable of constitutional violation.**

Plaintiff's claim fails in that he has failed to present evidence that demonstrates that the Defendant had the requisite state of mind to be liable for a constitutional violation. Plaintiff's argument at best is that Defendant *should have* known by Plaintiff's inferred mental illness that he

1

faced a potential threat of harm. However, the law requires more than a mere should have known; it requires that the Defendants *actually* know of a potential risk. *Farmer*, 511 U.S. at 842-43. Additionally, the deliberate indifference standard applicable to defendant does not change based on Plaintiff's alleged sensibilities. Plaintiff provides no authority indicating that inmates housed the Joliet Treatment Center are afforded a different standard of care from those inmates held at other correctional centers.

Moreover, Plaintiff alleges that on July 28, 2018, Defendant engaged in the most egregious act against Plaintiff when Defendant stated, "Y'all dumbasses thought you got rid of me." Dkt. 71 at 7. Even if it was true that Defendant made this comment, there is no evidence that this was directed at Plaintiff or that defendant had the requisite state of mind while stating this of intentionally intending harm upon plaintiff. Pl's Ex. C at 17:15-21. If this is the most egregious incident and it fails to rise to a violation, it follows that no allegations against defendant are constitutional violations either. At worst, this may be seen as a careless statement made around mentally ill inmates. Because Defendant lacks the requisite mental state of deliberate indifference, Defendant is entitled to summary judgment.

> **B.  A generalized risk of harm is insufficient to establish a claim for failure to protect.**

A generalized risk of harm is insufficient to establish a claim for failure to protect. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir.2005). Thus, stating that inmates who suffer from mental illness are generally at risk for harm is does not rise to the requisite level of a tangible threat. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir.2008). There is no evidence in the record that Defendant knew that Plaintiff faced a tangible threat and disregarded that threat. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Additionally, it would be unreasonable to charge Defendant or other correctional officers with knowing the specifics of each inmate's mental health

and the status of their well-being on a day-to-day basis. Because there is insufficient evidence for a reasonable jury to find that Defendant failed to protect Plaintiff, Defendant is entitled to summary judgment.

Plaintiff also argues that he requested to see a crisis team member but was denied. However, Plaintiff fails to provide evidence of who he sought this assistance from, who allegedly denied this request, or when he was seen by a crisis team member. There is no evidence that he sought this assistance from Defendant or that Defendant denied him this request. Liability under 42 U.S.C. § 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Because Plaintiff failed to produce evidence that Defendant was personally involved in the alleged delayed medical care Defendant is entitled to summary judgment.

    **C.**     **Plaintiff failed to overcome defendants qualified immunity defense.**

Plaintiff asserts that, "The threshold question concerning a qualified immunity defense is whether there is any merit to the underlying constitutional claim." Dkt. 71 at 10. This interpretation of qualified immunity is inaccurate. Rather, once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of defeating it either by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully. *Abbot v. Sangamon County*, 705 F.3d 706 (7th Cir. 2013); *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Martin v. Snyder*, 329 F.3d 919, 921 (7th Cir. 2003). Plaintiff failed to either identify a closely analogous case or show that Defendant's conduct is egregious and unreasonable. As such, Defendant is entitled to qualified immunity and summary judgment should be granted.

Dated: July 10, 2021

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Helen A. Lozano*
Helen A. Lozano
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6594
Helen.Lozano@Illinois.gov
*Attorney for Qyjon Clark*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 10, 2021, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/ Helen A. Lozano*