IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS ELLIOT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-8090 |
| | ) | |
| v. | ) | Honorable Judge Franklin U. Valderrama |
| | ) | |
| QYJON CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Defendant, Qyjon Clark ("Defendant"), by and through his attorney, Kwame Raoul, Illinois Attorney General, hereby responds to Plaintiff's Local Rule 56.1(B)(3)(C) (incorrectly captioned as Local Rule 56.1(a)(3)(A) Filing) Statement of Additional Facts as follows:

### PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS

12. Defendant Clark is aware that Joliet Treatment Center ("JTC") is a treatment facility for convicted adult male felons who have severe mental illness." (Exhibit B at ¶2).

**RESPONSE: Objection, Plaintiff's statement is not relevant or material to the outcome of the issues identified in Defendants' motion for summary judgment.** *See Malec v. Sanford*, **191 F.R.D. 581, 583 (N.D.Ill. 2000) (providing that "the 56.1(a) statement should be limited to material facts, that is, facts pertinent to the outcome of the issues identified in the summary judgment motion. Subject to and without waiving this objection, undisputed.**

13. Defendant Clark is aware inmates who come into JTC have been categorized as severely mentally ill. (Exhibit C 14;10-12).

**RESPONSE: Objection, Plaintiff's statement is not relevant or material to the outcome of the issues identified in Defendants' motion for summary judgment.** *See Malec v. Sanford*, **191 F.R.D. 581, 583 (N.D.Ill. 2000) (providing that "the 56.1(a) statement should be limited to material facts, that is, facts pertinent to the outcome of the issues identified in the summary judgment motion. Subject to and without waiving this objection, undisputed.**

14. Defendant Clark is aware that Mr. Johnson is presently confined at Joliet Treatment Center at 2848 McDonough Street, Joliet, IL 60431." (Exhibit B at ¶1).

**RESPONSE: Objection, Plaintiff's statement is not relevant or material to the outcome of the issues identified in Defendants' motion for summary judgment.** *See Malec v. Sanford*, **191 F.R.D. 581, 583 (N.D.Ill. 2000) (providing that "the 56.1(a) statement should be limited to material facts, that is, facts pertinent to the outcome of the issues identified in the summary judgment motion. Subject to and without waiving this objection, undisputed.**

15. On July 28, 2018, Plaintiff requested to see a Mental Health Crisis Team Member at Joliet Treatment Center to help deal with his anger and distress. (Exhibit A at ¶¶18(d); 33(d)).

**RESPONSE: Objection, move to strike and disregard the allegations in paragraph 4, including the cited subparts, as they lack evidentiary support in the record. Further objecting, the cited testimony is Plaintiff's reading of his Complaint into the record. "To survive a defendant's motion for summary judgment, the plaintiff may not simply rest on its pleadings; the plaintiff must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial."** *Midwest Imports, Ltd. v. Coval*, **71 F.3d 1311, 1317 (7th Cir. 1995). Subject to and without waiving these objections, disputed, as Plaintiff's First Amended Complaint does not constitute admissible evidence.**

16. Mr. Michael Johnson signed and notarized an Affidavit stating that the information contained therein is true and correct. (*See* Exhibit F).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit F is a document titled Affidavit, which is notarized and purported to be signed by a Michael Johnson. Defendant, however, disputes the contents of the affidavit as "true and correct."**

17. Mr. Michael Johnson stated that on July 28, 2018, he witnessed Plaintiff visibly agitated after an interaction with Defendant Clark and that no Mental Health professional was provided to Plaintiff when requested. (*See* Exhibit F).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit F avers that a Michael Johnson witnessed Plaintiff visibly agitated after an interaction with Defendant Clark and that no mental health professional was provided to Plaintiff. Defendant however disputes the veracity of these statements as Plaintiff authored this affidavit. Dkt. 70-3, Def. Ex. B at 39: 7-8.**

18. Mr. Joseph Herman signed an Affidavit stating that the information contained therein is true and correct. (*See* Exhibit H).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit H is a document titled Affidavit and is purported to be signed by a Joseph Herman. Defendant, however, disputes the contents of the affidavit as "true and correct."**

19. Mr. Joseph Herman stated that he was made aware of, and sometimes witnessed, Defendant Clark attempting to provoke, intimidate, and agitate seriously mentally ill inmates of Joliet Treatment Center. (*See* Exhibit H).

**RESPONSE: Disputed as Plaintiff authored this affidavit. Dkt. 70-3, Def. Ex. B at 31: 21-22. Additionally, Defendant disputes the veracity of these statements as Plaintiff offered Joseph Herman payment in exchange for his signature on this affidavit. Dkt. 71-4, Pl. Ex. C at 51:12-20.**

20. Mr. Michael Ludwick signed an Affidavit stating that the information contained therein is true and correct. (*See* Exhibit I).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit H is a document titled Affidavit and is purported to be signed by a Michael Ludwick. Defendant, however, disputes the contents of the affidavit as "true and correct."**

21. Mr. Michael Ludwick stated that he was made aware of, and sometimes witnessed, Defendant Clark attempting to provoke, intimidate, and agitate seriously mentally ill inmates of Joliet Treatment Center. (*See* Exhibit I).

**RESPONSE: Disputed as Plaintiff authored this affidavit. Dkt. 70-3, Def. Ex. B at 30: 2-8. Additionally, Defendant disputes the veracity of these statements as Plaintiff offered Michael Ludwick payment in exchange for his signature on this affidavit. Dkt. 71-4, Pl. Ex. C at 49:14-50:20.**

22. Mr. Keith Clark signed an Affidavit stating that the information contained therein is true and correct. (*See* Exhibit G).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit G is a document titled Affidavit, and is purported to be signed by a Keith Clark. Defendant, however, disputes the contents of the affidavit as "true and correct."**

23. Mr. Keith Clark stated that he was made aware of, and sometimes witnessed, Defendant Clark attempting to provoke, intimidate, and agitate seriously mentally ill inmates of Joliet Treatment Center. (*See* Exhibit G).

**RESPONSE: Defendant does not dispute that Plaintiff's Exhibit G avers that a Keith Clark was made aware of and sometimes witnessed Defendant Clark attempting to provoke, intimidate, and agitate seriously mentally ill inmates of Joliet Treatment Center. Defendant disputes the veracity of these statements as Plaintiff authored this affidavit. Dkt. 70-3, Def. Ex. B at 35: 4-5. Additionally Defendant disputes this to the extent that this affidavit is not based on personal knowledge.** *Pryor v. City of Chicago***, 726 F.Supp.2d 939, 943 (N.D. Ill. 2010).**

Dated: June 10, 2021

                                                        Respectfully Submitted,

KWAME RAOUL   */s/ Helen A. Lozano*
Attorney General of Illinois   HELEN A. LOZANO
                                                        Assistant Attorney General
                                                        General Law Bureau
                                                        Office of the Illinois Attorney General
                                                        100 West Randolph Street, 13th Floor
                                                        Chicago, Illinois 60601
                                                        (312) 814-6594
                                                        Helen.Lozano@Illinois.gov
                                                        *Attorney for Defendant Qyjon Clark*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 10, 2021, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

                                                     */s/ Helen A. Lozano*
                                                     HELEN A. LOZANO